## THE CHARLES H. SENFF.

### FOX v. THE CHARLES H. SENFF.

(District Court, S. D. New York. November 23, 1892.)

COLLISION—TUGS AND TOWS—INSPECTOR'S RULES.

The tug D., while swinging off and around from the end of pier 7, East river, to go down the river, collided with a float in tow of the tug S., which was coming up against the ebb tide, about 100 or 125 yards outside the pier, preceded by another tug, a little on the inside of her; both navigating thus near the shore in violation of the statute, and preventing the D. and the S. from having timely view of each other, and giving the signals required by the inspector's rules. The D. had no lookout, except the pilot; and the court found that a careful lookout would have discovered the S., notwithstanding her closeness to the shore, and the intervening boats. *Held*, that both tugs were in fault, and that the owner of the D. should recover one half his damages

In Admiralty. Libel by Charles A. Fox, as owner of the steam tug F. W. Devoe, against the steam tug Charles H. Senff, to recover damages for collision. Decree for libelant for one half his damages.

Carpenter & Mosher, for Fox.
Benedict & Benedict, for The Senff.

BROWN, District Judge. The F. W. Devoe, while swinging off and around from the end of pier 7 to go down river, came in contact with the port quarter of the float alongside the Charles H. Senff, going up against the ebb tide. I find that the place of collision was not more than from 100 to 125 yards outside of the end of pier 7; that the tug Sisson was previously coming up a little ahead and inside of the Senff and passed pier 7 about the time the Devoe swung out; that the navigation of both the Senff and the Sisson was near the shore in violation of the statute and without justifiable cause, and caused an obstruction to a considerable extent in the proper and timely view of the Devoe and the Senff to each other, and the giving of timely signals as required by the inspector's rules. This fault of the Senff was for the above reasons material, and also because it left but very short time and space for consideration to the Devoe after the latter saw the Senff; and these faults are not made remote

and immaterial by the fact that it was still possible for the Devoe, as I find was the case, to have avoided the collision, had she made no miscalculation concerning the course of the Senff and her tow, arising from the sloping position of the float and the greater projection of the stern, which was probably the ultimate cause of the collision. There was no lookout on the Devoe, except the pilot, and his lookout on swinging around on the ebb tide was insufficient. I think a careful lookout would have discovered the position and course of the Senff, notwithstanding her closeness to the shore and the intervening boats. And the ability to handle a small tug like the Devoe within a narrow space was such that the Devoe might also have avoided the float by sufficient backing. Her temporary stopping to back was, no doubt, the result of miscalculation at the moment; but the time and space for observation were so short in consequence of the closeness of the Senff to the shore, that both vessels seem to me plainly responsible for the collision, and the libelant can recover, therefore, but one half his damages.